# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2018

Lyle W. Cayce
Clerk

No. 17-10335
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DAGNAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-321-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Dagnan appeals the 24-month sentence he received after he pleaded guilty to theft of government property. The presentence report indicated that after Dagnan fraudulently purchased postal stamps, he advertised them at a discounted rate on the Internet. He challenges the district court's application of U.S.S.G. § 2B1.1(b)(2)(A)(ii) to enhance his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence based upon its determination that he used mass marketing to commit the offense.

The Government argues that any error the district court might have made in applying § 2B1.1(b)(2)(A)(ii) was harmless. We agree that if there was error, it was harmless. The district court had both proposed guidelines ranges before it. Even if the district court does not consider the alternative range asserted by the appellant to be the correct range, we will consider an error in the guidelines calculation to be harmless "if the proponent of the sentence 'convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing.'" *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (quoting *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010)).

Here, when overruling Dagnan's objection to the enhancement, the district court stated that, "[r]egardless, even if I had granted it, the sentence is going to be the same, what I think is an appropriate sentence, and it happened to be a guideline sentence." Considering this statement, the district court clearly would have imposed the 24-month term of imprisonment regardless of the applicable guidelines range. Accordingly, any error the district court might have made in applying the two-level enhancement under § 2B1.1(b)(2)(A)(ii), with the concomitant two-level increase to offense level 15, was harmless. *See Richardson*, 676 F.3d at 511-12; *see also United States v. Gutierrez-Mendez*, 752 F.3d 418, 430 (5th Cir. 2014).

AFFIRMED.